The SHAW COLLEGE AT DETROIT, INC., Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 77–1729.

United States Court of Appeals, Sixth Circuit.

July 1, 1980.

---

Frederick A. Patmon, Patmon, Young & Kirk, Ulyssis W. Boykin, III, Detroit, Mich., for petitioner.

Elliott Moore, W. Christian Schumann, Associate Gen. Counsel, N.L.R.B., Washington, D. C., Bernard Gottfried, Director, Region 7, N.L.R.B., Detroit, Mich., for respondent.

Before ENGEL and BROWN, Circuit Judges, and PECK, Senior Circuit Judge.

## ORDER

This is a petition for judicial review of a National Labor Relations Board order, reported at 232 N.L.R.B. No. 33, finding that Shaw College at Detroit, Inc. committed certain unfair labor practices during contract negotiations with the Shaw College Professors Association. The Board has filed a cross-petition for enforcement of that order.

Upon consideration, we conclude that the factual findings of the Board are supported by substantial evidence. Nonetheless, we cannot enforce the Board's order in its entirety. As part of its factual findings, the Board determined that Shaw College had refused to bargain in good faith concerning its failure to renew the contracts of ten instructors. To remedy this unfair labor practice, the Board ordered the reinstatement of those ten employees with back pay.

 While reinstatement may be appropriate in some cases to remedy the refusal to bargain, we believe that such reinstatement in this case represented an abuse of the Board's remedial discretion. The Board has broad discretion to formulate remedies. The exercise of that discretion, however, cannot be arbitrary. *Detroit Edison Co. v. N.L.R.B.*, 440 U.S. 301, 99 S.Ct. 1123, 59 L.Ed.2d 333 (1979). In this case, the Board concedes that Shaw College had legitimate financial reasons for declining to renew the contracts of the ten instructors and that the failure to renew those contracts was not based on any anti-union motivation. More importantly, however, the Board recognizes that Shaw College did not have and would not now have any continuing duty to employ these instructors during the pendency of negotiations.

 Accordingly, we believe that the remedy of reinstatement with backpay was improper under the particular circumstances of this case. We therefore decline to enforce the Board's order with respect to the reinstatement with backpay of the ten instructors over whose termination Shaw College failed to bargain in good faith. In all other respects, the order of the Board is hereby enforced.